IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01818-GPG

DARIN WHATLEY,

    Applicant,

v.

TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

___

ORDER OF DISMISSAL

___

    Applicant, Darin Whatley, is a prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the Centennial Correctional Facility. Mr. Whatley has filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 7). He is challenging the validity of his conviction and sentence in Pueblo County District Court case number 03CR863.

    On August 26, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. After being granted an extension of time, Respondents filed, on September 30, 2014, their Pre-Answer Response (ECF No. 14) arguing that the application is untimely and that claims one, two, and seven are procedurally defaulted. After being granted three extensions of time, Mr. Whatley filed his Reply (ECF No. 22).

The Court must construe the Application and other papers filed by Mr. Whatley liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A jury convicted Mr. Whatley of two counts of second degree kidnapping, three counts of sexual assault, and two counts of aggravated robbery. (*See* ECF No. 14-13 at 2.) The trial court sentenced Mr. Whatley to concurrent forty-eight year sentences on the kidnapping charges, concurrent thirty-two year sentences on the robbery charges that ran consecutive to the kidnapping charges, and ninety-six years to life on each of the three counts of the sexual assault charges, which ran consecutive to the kidnapping and robbery charges. The judgment of conviction and sentences as to one of the kidnapping charges, one of the robbery charges, and two of the sexual assault charges were vacated, concluding that those counts should have been merged with the other, similar counts. *See People v. Whatley*, No. 05CA0351 (Colo. App. Feb. 14, 2008) (unpublished) (ECF No. 14-9 at 24). The judgment and sentences were affirmed in all other respects on direct appeal. *Id.* On June 26, 2008, the Colorado Supreme Court denied Mr. Whatley's petition for writ of certiorari on direct appeal. (*See* ECF Nos. 14-11 and 14-1 at 10.)

On December 17, 2008, Mr. Whatley filed in the trial court a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure seeking a reduction of sentence. (*See* ECF No. 14-1 at 10.) Mr. Whatley then filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal

2

Procedure on March 23, 2010, which the trial court denied on March 29, 2010. (*Id.* at 9-10). On July 12, 2011, Mr. Whatley filed a petition for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*Id.* at 9.) On July 20, 2011, the trial court denied both the Rule 35(b) motion and Rule 35(c) petition. (*Id.*) Mr. Whatley appealed the denial of the Rule 35(c) petition and the order was affirmed on April 11, 2013 by the Colorado Court of Appeals. *See People v. Whatley* No. 11CA1811 (Colo. App. April 11, 2013) (unpublished) (ECF No. 14-13). Mr. Whatley did not file a petition for rehearing or seek review in the Colorado Supreme Court. The mandate was issued on August 27, 2013.

Mr. Whatley initiated the instant action on June 26, 2014 by filing a letter requesting appointment of counsel to assist him in filing his habeas application. After ordering Mr. Whatley to cure designated deficiencies, Mr. Whatley filed an incomplete habeas application on July 29, 2014, and an amended application (ECF No. 7) on August 25, 2014. In the amended Application, Mr. Whatley asserts the following seven claims for relief:

> 1. Ineffective assistance of trial counsel due to counsel's lack of investigation and performance at trial.
>
> 2. Ineffective assistance of counsel due to counsel Reynolds having a conflict of interest.
>
> 3. Mr. Whatley's right to be present was violated because he was not present during a portion of the jury selection.
>
> 4. He was denied his right to represent himself.
>
> 5. He was denied his right to due process when the trial court failed to suspend trial proceedings to address his competency.
>
> 6. His right to be free from unreasonable searches and seizures was violated by the manner in which the police arrested him and

seized evidence.

7. His "right to privileged communication and confidentiality" was violated by the trial court's failure to exclude the prosecutor from the courtroom during a hearing concerning whether defense counsel would be permitted to withdraw.

(ECF No. 7 at 5-6, 13-14.)

Respondents first argue that this habeas corpus action is untimely pursuant to the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which the judgment in Mr. Whatley's criminal case became final. *See* 28 U.S.C. § 2244(d)(1)(A). Respondents assert that the judgment became final, and the one-year limitation period began to run on September 24, 2008, when the time expired for Mr. Whatley to file for certiorari review with the United States Supreme Court.

As noted above, the Colorado Supreme Court denied Mr. Whatley's petition for writ of certiorari on direct appeal on June 26, 2008. Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Whatley had ninety days to seek review in the United States Supreme Court but he did not do so. Therefore, the Court finds that Mr. Whatley's conviction became final on September 24, 2008, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. Mr. Whatley's argument that the judgment did not became final until October 9, 2008 because he had ninety days to file a writ of certiorari in the United States Supreme Court from the date the mandate issued is incorrect. Pursuant to Rule 13.3 of the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed and not the date on which the mandate issues.

The Court also finds that the one-year limitation period began to run on September 24, 2008, because Mr. Whatley does not contend he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the

factual predicate for his claims before the judgment became final.  *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

Mr. Whatley did not initiate this action within one year after September 24, 2008. Therefore, the next question the Court must answer is whether the one-year limitation period was tolled for any amount of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled

during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

As noted above, Mr. Whatley filed a postconviction motion seeking a reduction of sentence under Colo. R. Crim. P. 35(b) on December 17, 2008 and a petition for postconviction relief under Colo. R. Crim. P. 35(c) on July 12, 2011.  Both motions were denied by the trial court on July 20, 2011 and the Colorado Court of Appeals affirmed the denial on April 11, 2013.  Respondents concede that the one-year limitation period was tolled from December 17, 2008 until May 23, 2013, when the time to seek certiorari review in the Colorado Supreme Court expired.  However, the 84 days between September 24, 2008 and December 17, 2008, count against the one-year limitation period.  Thus, when the one-year limitation period began to run again on May 24, 2013, only 281 days remained (365 - 84 = 281).

Mr. Whatley asserts that the one-year limitation period was tolled until August 27, 2013, because the time to seek certiorari review in the Colorado Supreme Court is calculated from the date when the mandate is issued.  Mr. Whatley is incorrect.  *See Serrano v. Williams,* 383 F.3d 1181, 1185 (10th Cir. 2004) (refusing to extend tolling period for postconviction motion to the date the mandate issued).

Thus, beginning on May 24, 2013, the remaining 281 days ran unabated until the one-year limitation period expired on March 3, 2014.[1]  Mr. Whatley, however, did not initiate the instant habeas action until June 26, 2014. Therefore, the instant action is barred by the one-year limitation period in the absence of some other reason to toll the

---

[1] The 281st day after May 24, 2013, was Saturday, March 1, 2014.  Therefore, the filing period extended until Monday, March 3, 2014.  *See* Sup. Ct. R. 30.1.

one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Whatley contends that this action should not be dismissed as time-barred "due to the defendant's mental incompetancy [sic] during and before the ADEPA's one year limitations period." (ECF No.22 at 5.) Specifically, Mr. Whatley asserts that he suffers from major depressive disorder and borderline personality disorder and that "these defects can cause the defendant to put off the importance of meeting a deadline." (*Id.* at 5, 8.) The Court is not persuaded that this allegation of mental illness justifies equitable tolling of the one-year limitation period.

The Tenth Circuit "has yet to apply equitable tolling on the basis of mental incapacity." *McCall v. Wyo. Attorney General*, 339 F. App'x 848, 850 (10th Cir. 2009). Assuming mental incapacity could justify equitable tolling, "[e]quitable tolling of a limitations period based on mental incapacity is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for

mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity." *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (quoting *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)).

Mr. Whatley fails to demonstrate that he was prevented from pursuing his federal claims in a timely manner due to mental incapacity or that he pursued his claims diligently. Although, Mr. Whatley asserts that he suffered mental incompetency at his trial, Mr. Whatley was found competent to proceed in the state court proceedings. Furthermore, the fact that Mr. Whatley was capable of initiating and pursuing proceedings in his state court case undercuts any argument that his mental illness justifies equitable tolling in this action. *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (noting the general rule is that "mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them."); *see also Smith v. Saffle*, 28 F. App'x 759 (10th Cir. 2001) (finding equitable tolling based on mental incapacity is not available "where the party urging tolling has been able to pursue legal action during the period of his or her alleged incapacity").

For these reasons, the Court finds no basis for equitable tolling in this action. Therefore, the action will be dismissed as barred by the one-year limitation period. Because the Court finds that the action is untimely, the Court need not address Respondents' argument that some of Mr. Whatley's claims also are not exhausted and procedurally defaulted.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 7) is denied and the action is dismissed as barred by the one-year limitation period.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  4th  day of    February   , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court